UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-3581-MWF (Ex)      **Date:** July 17, 2020

**Title:** Lamar Myers v. Smoken Smoke House, Inc., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITHOUT PREJUDICE

On April 17, 2020, Plaintiff Lamar Myers commenced this action against Defendants Smoken Smoke House, Inc. and Golden Nuggets Investment, LLC. (Complaint (Docket No. 1)).

On June 25, 2020, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than July 16, 2020, why the action should not be dismissed for lack of prosecution. (Docket No. 12). The Court indicated that "[I]f the Proof of Service reflects that Defendant's time to respond to the Complaint or file an ADA Application has already expired, Plaintiff must **concurrently** file a Default Application. Failure to do so will be deemed abandonment of this action and the Court will immediately dismiss it for lack of prosecution." (*Id.* at 2).

On July 15, 2020, in response to the OSC, Plaintiff filed Proofs of Service ("POS") of the Summons, Complaint and other case-initiating documents on both Defendants. The POS for Defendant Smoken Smoke House, Inc. reflects personal service on the agent for service of process on May 14, 2020. (Docket No. 13). The POS for Defendant Golden Nuggets Investment, LLC, reflects personal service on the agent for service of process on May 26, 2020. (Docket No. 14). The respective responses to the Complaint (or ADA Application for Stay and Early Mediation) were due on June 4 and June 16, 2020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-3581-MWF (Ex) | **Date:** July 17, 2020 |
| **Title:** Lamar Myers v. Smoken Smoke House, Inc., et al. | |

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted. Plaintiff was specifically warned that he must concurrently file a Default Application if any Defendant's time to respond to the Complaint or file an ADA Application had already expired.

Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.